In the Matter of INSPECTION OF the WORKPLACE LOCATED AT 526 CATALAN STREET, ST. LOUIS, MISSOURI Under the Control or Custody of Carondelet Coke Corporation.

Appeal of OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION.

In the Matter of INSPECTION OF the WORKPLACE LOCATED AT 526 CATALAN STREET, ST. LOUIS, MISSOURI Under the Control or Custody of Carondelet Coke Corporation.

Appeal of CARONDELET COKE CORPORATION.

Nos. 83–1966, 83–2031.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1984.

Decided Aug. 10, 1984.

Rehearing and Rehearing En Banc Denied Sept. 12, 1984.

John J. Gazzoli, Jr., Joseph E. Martineau, St. Louis, Mo., for Carondelet Coke Corp.; Lewis & Rice, St. Louis, Mo., of counsel.

Francis X. Lilly, Deputy Sol. of Labor, Karen I. Ward, Associate Sol. for Special Appellate and Supreme Court Litigation, Charles I. Hadden, Counsel for Appellate Litigation, Sandra D. Lord, Atty., U.S. Dept. of Labor, Washington, D.C., Tedrick A. Housh, Regional Sol., Kansas City, Mo., for Secretary of Labor.

Before ROSS, BENNETT* and McMIL-LIAN, Circuit Judges.

ROSS, Circuit Judge.

At issue in this appeal is the propriety of a trial court's [1] order upholding the issuance of an administrative search warrant to OSHA, but limiting the scope of the warrant. This court's jurisdiction is based on 28 U.S.C. § 636(c)(3) and 28 U.S.C. § 1291. We affirm the trial court's order denying the motion to quash the warrant, but reverse its ruling limiting the breadth of the inspection.

---

* The Honorable Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

**1.** David D. Noce, United States Magistrate, presided pursuant to 28 U.S.C. § 636(c).

## FACTS

On January 14, 1983, OSHA applied for and received an administrative search warrant to inspect a facility located at 526 Catalan Street, St. Louis, Missouri, and owned by Carondelet Coke Corporation, the appellee/cross appellant. The warrant was issued after an ex parte hearing in which Denver Holt, an OSHA compliance officer, testified to the following facts: In August of 1980 Carondelet took over the Catalan Street facility. Between August of 1980 and the date of this hearing, OSHA had received five separate complaints, obtained two search warrants, and conducted two inspections of the Catalan Street facility. The second inspection revealed two violations, and citations were issued. On October 20, 1982, Leo Boyer, president of a union local and representative of the employees of Carondelet, filed the complaint triggering this application for a warrant.

On the basis of this complaint, Denver Holt decided that an inspection was necessary. To determine how broad a warrant to request, Holt first established the nature of the business to be inspected. Carondelet was engaged in a business (the manufacture of coke) deemed by OSHA to be a "high risk industry." A high risk industry is one which has an injury rate higher than the private sector in general in any one or more of the occupational injury incidence rates published by the Bureau of Labor Statistics. OSHA Instruction CPL 2.25c, Section E ¶ 3.

Carondelet's safety records were then reviewed and the lost work day injury rate (hereinafter LWDI) was calculated. Carondelet's LWDI of 21.23 was nearly four times the national rate of 5.2 for manufacturers. The above factors qualified Carondelet for periodic inspections of the entire facility (hereinafter programmed or wall-to-wall inspections) under CPL 2.25c Section E ¶¶ 1 and 2. Carondelet was in fact on OSHA's list of high hazard establishments due for an inspection at the time the complaint was filed.

Holt then examined the record of inspections at the Catalan Street facility, and finding that a complete safety inspection had not been carried out in the last fiscal year, requested a warrant for a wall-to-wall search. This request was made in conformance with CPL 2.12b, which provides that if a work place qualifies for a programmed inspection, and if a meritorious employee complaint is received which is sufficient to trigger a limited inspection, then in order to maximize OSHA resources a wall-to-wall or programmed search will be carried out at the same time the employee complaint is investigated.

Carondelet filed a motion to quash the administrative warrant on February 2, 1983. Two arguments were presented to the court by Carondelet. First, the warrant was not based on probable cause because Leo Boyer's complaint relied on stale and unsubstantiated information. Furthermore, the complaint was made to harass Carondelet. Boyer, it was argued, complained in an effort to improve his union's position in collective bargaining. Second, the scope of the warrant was impermissibly broad because the entire facility was not implicated by the complaint. In addition, a wall-to-wall search prompted by an employee complaint could not be upheld under the "general administrative plan for the enforcement of the Act derived from neutral sources * * *" rule of *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 321, 98 S.Ct. 1816, 1824, 56 L.Ed.2d 305 (1978). The trial court found for OSHA on the first argument, but in limiting the scope of the search to those areas implicated by the complaint, adopted Carondelet's position on the second issue.

## DISCUSSION

■ **A. Probable Cause.** We note at the outset that the standard of probable cause to be applied to administrative searches predicated on an individual's complaint is lower than that applied in criminal matters. *Marshall v. Horn Seed Co.*, 647 F.2d 96, 99 n. 2 (10th Cir.1981) (citing cases). This lower standard of administrative probable cause may be "met by a showing of specific evidence sufficient to support a reasonable suspicion of a viola-

tion." *West Point-Pepperell, Inc. v. Donovan*, 689 F.2d 950, 958 (11th Cir.1982).

Carondelet argues that the information provided by Leo Boyer did not meet this standard for several reasons. First, Boyer based the complaint on information from various members of his union and not on first-hand knowledge. Second, Carondelet and Boyer's union had been skirmishing since 1980 and a series of OSHA complaints always followed management decisions hostile to the union. Third, the complaint giving rise to this appeal was identical to a 1982 complaint which OSHA did not act upon. Thus the information was stale and not reliable.

These arguments were presented to, and rejected by, the magistrate. Leo Boyer testified at the hearing on the motion to quash and after this appearance, the magistrate deemed him to be sincere and accurate in his complaints. The magistrate also considered Carondelet's claims of harassment and, having considered the timing, number and result of the past complaints, concluded that a pattern of harassment was not indicated. The magistrate also determined that the complaints were not stale because union members in January of 1983 stated that the violations still existed.

■ A trial court's ruling, made in the context of a motion to suppress and about the validity of a warrant, is subject to review under the clearly erroneous standard. Under this standard, the trial court will be affirmed unless its judgment is not supported by substantial evidence or, following a full review of the record, this court is left with a definite and firm conviction that a mistake has been made. *United States v. McGlynn*, 671 F.2d 1140, 1143 (8th Cir.1982). Following a review of the record and after applying this standard to the magistrate's ruling, we must conclude that the decision upholding the warrant was supported by substantial evidence.

**B. Scope of the Warrant.** The magistrate limited the scope of this warrant to those areas physically implicated by the complaint. This decision was based on two considerations. First, CPL 2.12b was con-

sidered and deemed to not qualify as an administrative plan derived from neutral sources under *Barlow's, Inc., supra*, because the inspection was prompted in the first instance by a complaint. The possibility of complaints filed because of improper motives tainted the plan's neutrality. Second, the nature of the complaint and the past history of Carondelet, did not support a reasonable suspicion of pervasive violations permeating the Catalan Street facility and thus justifying a wall-to-wall search.

■ In our opinion, a wall-to-wall search, excluding the low hazard areas of the facility, is justified on the facts of this case, and we reverse. This type of question is frequently difficult and the answer tends to be shaped by the facts peculiar to each case. To further complicate matters, the principles governing this issue have not been the beneficiaries of a consistent interpretation adopted by a broad consensus of the circuits. For example, a panel of the Seventh Circuit set forward the following:

> We hold, therefore, that where probable cause to conduct as [sic] OSHA inspection is established on the basis of employee complaints, the inspection need not be limited in scope to the substance of those complaints. In light of the broad remedial purposes of the Act, the strong federal interest in employee health and safety, and the protections provided by the warrant requirement, *it will generally be reasonable in such a case to conduct an OSHA inspection of the entire workplace identified in the complaints. There may be cases in which extraordinary circumstances would render such an inspection unreasonably broad, but this is not such a case.*

*Burkart Randall Division of Textron, Inc. v. Marshall*, 625 F.2d 1313, 1325–26 (7th Cir.1980) (emphasis added). This presumption, favoring a finding that the search of the entire workplace is reasonable, has been adopted by the Ninth Circuit:

Facts of the instant case viewed in light of OSHA's purpose in promoting employee safety persuade us to adopt the reasoning of the Seventh Circuit: "[T]he better view is that which permits, absent extraordinary circumstances, general inspections in response to employee complaints." *Burkart, supra,* 625 F.2d at 1324.

*Hern Iron Works, Inc. v. Donovan,* 670 F.2d 838, 841 (9th Cir.), *cert. denied,* 459 U.S. 830, 103 S.Ct. 69, 74 L.Ed.2d 69 (1982).

The Third Circuit, by contrast, has adopted a standard which would place a greater burden on the Secretary to justify a wall-to-wall search based on an employee complaint:

We hold that where an OSHA inspection is conducted under § 8(f) pursuant to an employee complaint, the scope of the inspection must bear an appropriate relationship to the violations alleged in the complaint. Here, the scope of the inspection exceeded the area of the complaint, and the Secretary has not attempted to argue that it bore any relation whatsoever to the violations in the complaint. Thus we need not decide the exact relationship that must exist. Moreover, there may be a complaint of such a nature that a wall-to-wall inspection is appropriate. Here, however, the Secretary has not made such an argument and we do not consider it. Accordingly, we affirm the order of the district court.

*Marshall v. North American Car Co.,* 626 F.2d 320, 324 (3d Cir.1980).

A panel of this circuit appeared to share in the approach expressed by the court in *North American Car Co., supra,* when in dicta it offered the following: "*Michigan v. Tyler* [436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978)], therefore, appears to require that an OSHA search made pursuant to a specific report of a violation be no more intrusive than necessary to investigate that violation." *Marshall v. Central Mine Equipment Co.,* 608 F.2d 719, 721 n. 1 (8th Cir.1979).

What may be a third trend in the decisions of the circuit courts on this issue can be discerned. This approach rejects a presumption favoring a wall-to-wall search, but it also does not automatically limit OSHA's power to investigate to those locations directly implicated by the complaint.

Because of this increased danger of abuse of discretion and intrusiveness, we join those courts that have recognized that a complaint inspection must bear an appropriate relationship to the violation alleged in the complaint.

\*      \*      \*      \*      \*      \*

In reaching this conclusion, we do not maintain that a specific complaint may never form the basis of a full scope inspection. Rather, we conclude that when *nothing more* is offered than a specific complaint relating to a localized condition, probable cause exists for a search to determine only whether the complaint is valid. Under other circumstances, it is conceivable that a specific violation plus a past pattern of violations may be probable cause for a full scope inspection. In addition, a specific complaint may allege a violation which permeates the workplace so that a full scope inspection is reasonable related to the complaint.

*Donovan v. Sarasota Concrete Co.,* 693 F.2d 1061, 1068–69 (11th Cir.1982) (citations and footnote omitted).

This middle or moderate approach may in fact be the rule now adopted and applied by the Seventh Circuit:

*Burkart Randall* does not mandate that employee complaints always justify issuance of a general warrant authorizing the inspection of an entire facility about which complaints have been received by OSHA. If the Secretary chooses to seek such a full-scale warrant, there should be some showing by the Secretary as to why such a broad warrant is appropriate in that particular case. Further, the showing requires more than a sworn statement that is contradicted by a separate OSHA-prepared document.

*Donovan v. Fall River Foundry Co.,* 712 F.2d 1103, 1111 (7th Cir.1983). *But see Donovan v. Burlington Northern, Inc.,* 694 F.2d 1213, 1216 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3538, 77 L.Ed.2d 1388 (1983) (reaffirms rule allowing general inspections on basis of employee complaint unless extraordinary circumstances established).

In upholding the broader search, we have taken the middle course and, in addition to the employee complaint, found the following factors present in this case to be significant. 1) The magistrate had an opportunity to observe the demeanor of Leo Boyer and expressly rejected the argument that this complaint was motivated by a desire to harass Carondelet. 2) The nature of the business at the Catalan Street facility, as well as the safety record, qualified it for a programmed wall-to-wall inspection. 3) OSHA's representation that a wall-to-wall search of the Catalan Street facility would not be carried out more frequently than once every two years under CPL 2.12b. 4) OSHA's statement that a programmed search would have been carried out within several months even if an employee complaint had never been filed. 5) OSHA's duties under the Act are extensive while the agency is possessed of but limited resources. A wall-to-wall search executed at the same time the employee complaint is investigated is under the facts of this case a reasonable effort to maximize the reach of those resources.

We do not hold today that CPL 2.12b is a regulation, which, if followed in every case it arguably applies to, will produce a wall-to-wall search comporting with the fourth amendment. Rather we simply hold that on the facts of this case a wall-to-wall search was not unreasonable and therefore such a search was not prohibited by the fourth amendment. *Donovan v. Dewey,* 452 U.S. 594, 599, 101 S.Ct. 2534, 2538, 69 L.Ed.2d 262 (1981). The decision of the trial court is affirmed in part and reversed in part. We remand for further proceedings consistent with this opinion and with directions to approve a wall-to-wall search

warrant (excluding the low hazard areas of the facility).