**WEYERHAEUSER COMPANY,**
**Plaintiff-Appellee,**

v.

**Ray MARSHALL, Secretary of Labor, et al., Defendants-Appellants.**

**No. 78–2013.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 6, 1978.

Decided Feb. 9, 1979.

Truman Q. McNulty, Milwaukee, Wis., for plaintiff-appellee.

Carin A. Clauss, Solicitor of Labor, Allen H. Feldman, Dennis K. Kade, Counsel for Appellate Litigation and Thomas L. Holzman, U. S. Dept. of Labor, Washington, D. C., (on the brief) Benjamin W. Mintz, U. S. Dept. of Labor, Washington, D. C., (argued) for defendants-appellants.

Before CASTLE, Senior Circuit Judge, CUMMINGS and PELL, Circuit Judges.

CASTLE, Senior Circuit Judge.

Compliance officers of the Occupational Safety and Health Administration (OSHA) sought to conduct a safety and health inspection of the Weyerhaeuser Company's Manitowoc, Wisconsin, corrugated box manufacturing plant after receiving a written employee complaint of an unsafe working condition. Section 8(f)(1) of the Occupational Safety and Health Act of 1970 ("the Act") requires such inspections if the complaint gives OSHA reasonable grounds to believe that "a violation of a safety or health standard exists that threatens physical harm, or that an imminent danger exists." 29 U.S.C. § 657(f)(1). Weyerhaeuser

initially denied entry to the officers, but when they subsequently returned with a warrant duly issued by a United States magistrate, the company allowed the inspection "under protest." [1]

As a result of the ensuing inspection, Weyerhaeuser was cited for a number of violations of the Act, principally relating to the absence of protective guarding on some of its machinery and excessive operating noise levels. Prior to an administrative hearing on these citations, Weyerhaeuser filed suit in federal district court to suppress the evidence obtained from the inspection, enjoin the administrative proceedings, and obtain a declaration that its fourth amendment rights had been violated by reason of the issuance of a warrant without an adequate showing of probable cause. The district court granted Weyerhaeuser the requested relief.

The issues on review are (1) whether the district court erred in deciding the probable cause issue prior to exhaustion of administrative remedies, and (2) if its exercise of jurisdiction was not premature, whether the warrant application comported with the fourth amendment's requirements for administrative probable cause, as set out in *Marshall v. Barlow's, Inc.* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), and *Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

There is no question that Weyerhaeuser did not exhaust its administrative remedies. The parties were still engaged in discovery prior to the administrative hearing when Weyerhaeuser initiated this action in the

1. The Act is silent on the question of whether OSHA needs to obtain a warrant where the company does not voluntarily submit to the inspection. In *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), decided subsequent to the inspection in the instant case, the Supreme Court sustained the constitutionality of the Act by requiring a warrant for nonconsensual inspections. *Barlow's,* however, involved a routine safety and health inspection for which OSHA admittedly had no probable cause, see *Barlow's, Inc. v. Usery,* 424

F.Supp. 437, 438–39 (D.Idaho 1977) (three judge court), aff'd sub nom. *Marshall v. Barlow's, Inc., supra,* whereas the employee complaint received in the present case gave OSHA grounds to believe that a violation existed at the Manitowoc plant. We will assume that the *Barlow's* warrant requirement applies even to such "complaint inspections" and decide only whether OSHA supplied the magistrate with sufficient information upon which to base a finding of administrative probable cause.

district court to contest the validity of the warrant. That court determined it had jurisdiction despite the pendency of the administrative proceedings because "no significant interest would be furthered by requiring the plaintiff to present the issue of the warrant's validity at the administrative level." *Weyerhaeuser Co. v. Marshall*, 452 F.Supp. 1375, 1377 (N.D.Wis.1978), citing *Hayes-Albion Corp. v. Marshall*, 5 BNA OSHC 1968 (N.D.Ohio 1977), *Morris v. United States Dept. of Labor*, 439 F.Supp. 1014 (S.D.Ill.1977), *appeal docketed*, No. 78–1051 (7th Cir. 1978), *Barlow's, Inc. v. Usery*, 424 F.Supp. 437 (D.Idaho 1977), *aff'd sub nom. Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978).

In *Hayes-Albion* the court did not require exhaustion in a similar situation because "the expertise of the [OSHA] Review Commission . . . would not aid in the judicial determination of the constitutionality of the administrative search. . . ." In *Morris* the court ruled on the validity of the warrant prior to a final agency decision because (1) there was no possibility of the citations being dismissed since the company had admitted the existence of violations at the time of the inspection, (2) the probable cause question was not one within the competency and expertise of the OSHA Review Commission, (3) it would have been unfair to require the company to exhaust administrative remedies before it could obtain a judicial ruling on the propriety of the warrant, and (4) the district court should retain power to determine the legality of its process just as it should retain jurisdiction to enforce its process by contempt if necessary. *Barlow's, Inc. v. Usery* was also cited by the district court in support of its position; however, we find that case to be distinguishable as no inspection had yet taken place there and the company challenged the constitutionality of the Act, not the validity of a warrant as here. If exhaustion had been required, the company would have been forced to choose between giving up its asserted right of privacy or facing possible contempt of court.

The rationale common to both *Hayes-Albion* and *Morris* was that exhaustion of administrative remedies should not be required with respect to an issue over which the agency has no expertise. Lack of agency expertise, however, does not alone justify an exception to the exhaustion rule. An agency has no particular expertise to decide on the constitutionality of its own enabling act and will not ordinarily rule on the issue in any event, see *Rosenthal & Company v. Bagley*, 581 F.2d 1258, 1260 (7th Cir. 1978), but exhaustion has nevertheless been required. *See, e. g., W. E. B. DuBois Clubs of America v. Clark*, 389 U.S. 309, 88 S.Ct. 450, 19 L.Ed.2d 546 (1967); *Blocksom and Company v. Marshall*, 582 F.2d 1122 (7th Cir. 1978). The reasons for requiring exhaustion even in such a situation are that (1) the agency will develop the factual record so that the court will not have to decide "important and difficult" questions of constitutional law devoid of a factual context and (2) the agency may decide favorably to the aggrieved party on other grounds, thus mooting the constitutional issue and relieving the courts of the need to decide it. *DuBois Clubs of America, supra* at 312, 88 S.Ct. 450; *Aircraft & Diesel Equipment Corp. v. Hirsch*, 331 U.S. 752, 772, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947). As neither of these reasons for requiring exhaustion is present in the case of an attack on the validity of a warrant, we agree with the district court that exhaustion is not required in the circumstances of this case. There is no benefit to be derived here from prior agency development of the factual record as the court need only look to the face of the warrant application to decide whether it met the requirements of administrative probable cause. Nor is there any possibility of the agency decision mooting the probable cause issue as the fourth amendment injury resulting from the alleged illegal inspection will remain even if the citations are dismissed,[2] and we dis-

---

2. The injury resulting from an illegal inspection is clearly separate from injury relating to the citations, as the former would exist even if OSHA had found no violations of the Act. A company has a fourth amendment right to conduct its business free of unreasonable administrative inspections. *Michigan v. Tyler*, 436 U.S. 499, 504–505, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978); *Marshall v. Barlow's, supra* 436 U.S. at 312, 98 S.Ct. 1816; *See v. Seattle*, 387

count the possibility that the agency would rule on the probable cause issue, as counsel for the Secretary informed us at oral argument that the OSHA Review Commission has never ruled on the issue of a warrant's validity.

In addition, we believe that considerations of sound judicial administration support an exception to the general requirement of exhaustion in the case of an attack on the validity of a warrant. The probable cause determination here challenged by Weyerhaeuser was originally made by a United States magistrate. As magistrates are appointed, assigned duties, and generally supervised by the district courts, see Magistrates Act of 1976, 28 U.S.C. §§ 631(a) and 636(b)(3), it is desirable that the latter should be afforded the opportunity of reviewing a magistrate's probable cause determination. Yet, if exhaustion were required, appeal from the final agency decision would lie directly to the court of appeals, bypassing the district court altogether.

■ In a criminal context, we have rejected an attempt to appeal a magistrate's probable cause determination directly to this court, citing the needs of "the efficient administration of criminal justice." *United States v. Reeds,* 552 F.2d 170 (7th Cir. 1977). The Eighth Circuit has stated that "the district court has inherent power to review the final decisions of its magistrates." *Bruno v. Hamilton,* 521 F.2d 114, 116 (8th Cir. 1975). Our recent decision in *Blocksom and Company v. Marshall, supra,* also suggests the desirability of affording the district court the opportunity of reviewing its magistrates' probable cause determinations. In that case, the district court cited the company for civil contempt after it refused to permit an OSHA inspection supported by a facially valid warrant. We remanded to

the district court with instructions to determine whether the warrant was issued upon an adequate showing of probable cause under the standards of *Marshall v. Barlow's, supra,* and to take action on its contempt citation in accordance with its decision on this issue.[3] It is noteworthy that we allowed the district court to rule on the probable cause issue rather than deciding it ourselves, as we could have done.[4]

We conclude that Weyerhaeuser should be permitted to challenge the warrant's validity in district court despite the pendency of administrative proceedings, and accordingly, that the district court properly exercised its jurisdiction.

## PROBABLE CAUSE

■ Turning to the merits, we need only examine the warrant application which OSHA presented to the magistrate to determine whether probable cause to conduct an administrative inspection existed. The requirements of administrative probable cause are less stringent than those governing criminal probable cause. For example, the application need not set forth factors bearing on the credibility of the unidentified complainant, as would be required under the second prong of the *Aguilar* test.[5] *In the Matter of: Establishment Inspection of: Gilbert & Bennett Manufacturing Company,* 589 F.2d 1335, 1339–1340 (7th Cir. 1979). Also, administrative probable cause will be satisfied not only by specific evidence of an existing violation on the premises sought to be inspected but also by a showing that " 'reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment].' " *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 320, 98 S.Ct. 1816, 1824, 56 L.Ed.2d 305 (1978),

U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967). A defect in the warrant application would make the present inspection "unreasonable."

3. Underlying invalidity of the warrant would be a defense to a citation for civil contempt, though not for criminal contempt. *Blocksom, supra* at 1124.

4. That part of the *Blocksom* opinion requiring exhaustion of administrative remedies prior to

judicial consideration of claims relating to the constitutionality of the Act is not inconsistent with our decision today, as we have pointed out the special considerations applying in the case of an attack on the validity of a warrant.

5. *Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

quoting from *Camara v. Municipal Court*, 387 U.S. 523, 538, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967).

Our recent decision in *In the Matter of: Establishment Inspection of: Northwest Airlines, Inc.*, 587 F.2d 12 (7th Cir. 1978), where we were presented with a virtually identical warrant application, forecloses the Secretary from arguing that the affidavit furnished the magistrate with sufficient information to find that the Manitowoc plant was selected pursuant to "a general administrative plan for the enforcement of the Act derived from neutral sources." *Barlow's, supra*, 436 U.S. at 321, 98 S.Ct. at 1825.

■ We believe that the Secretary's claim that the warrant application established probable cause by supplying specific evidence of an existing violation at the Manitowoc plant must likewise fail as the magistrate was given no clue as to what the nature of the alleged violation might be.[6] The affidavit is unrelieved boilerplate, stating merely that the Secretary had received a written complaint from an employee and that the Secretary had determined that there were reasonable grounds to believe that a violation of the Act existed. We must assume that the warrant required by *Barlow's* in cases where the company does not voluntarily submit to an inspection has some significance, yet the Secretary would have the magistrate "rubber stamp" the agency's assertion that it has received an employee complaint and that it, the agency, has found reason to believe a violation exists. The Secretary argues that the magistrate's role would not be superfluous even if he merely approved an agency determination of probable cause because he would

still serve the function of certifying to the target company that the agency is acting in accordance with law. We decline to strip the magistrate of his probable cause function, as the very purpose of a warrant is to have the probable cause determination made by a detached judicial officer rather than by a perhaps overzealous law enforcement agency. *Coolidge v. New Hampshire*, 403 U.S. 443, 449, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Furthermore, in view of the ease with which OSHA can insert in the application the few additional facts which will satisfy the "specific evidence" manner of establishing probable cause,[7] we see no reason to uphold the boilerplate application submitted in this case.

As we are in agreement with the analysis of the district court, the judgment of that court is AFFIRMED.

---

6. The relevant paragraphs of the warrant application state:

2. On June 24, 1977, the Occupational Safety and Health Administration ("OSHA") received a written complaint from an employee of Weyerhaeuser Company, a corporation. This complaint alleged, in pertinent part, that violations of the Act exist which threaten physical harm or injury to the employees, and an inspection by OSHA was requested. Based on the information in the complaint, OSHA has determined that there are reasonable grounds to believe that such

violations exist, and desires to make the inspection required by section 8(f)(1) of the Act.

3. The desired inspection is also part of an inspection and investigation program designed to assure compliance with the Act and is authorized by section 8(a) of the Act.

7. See, for example, the application in *Gilbert & Bennett Manufacturing Company, supra*, where OSHA presented the magistrate with facts elucidating the nature of the employee's complaint.