In the Matter of Establishment Inspection of SAUGET INDUSTRIAL RESEARCH AND WASTE TREATMENT ASSOCIATION, a corporation.

Roy MARSHALL, Secretary of Labor, Petitioner,

v.

SAUGET INDUSTRIAL RESEARCH AND TREATMENT ASSOCIATION, a corporation, and James Dalton, Respondents.

Civ. No. 79–4105.

United States District Court, S. D. Illinois.

Sept. 12, 1979.

Herman Grant, Regional Sol., Steven E. Walanka and Michele M. Fox, Belleville, Ill., James L. Bowers, U. S. Dept. of Labor, Chicago, Ill., for petitioner.

Harold G. Baker, Jr., Belleville, Ill., for respondents.

## ORDER

FOREMAN, Chief Judge:

Before the Court is the motion of the petitioner, Secretary of Labor, to adjudge respondents, Sauget Industrial Research and Waste Treatment Association and James Dalton, in civil contempt of court for disobedience and resistance to a lawful writ of this Court, namely a warrant for inspection under The Occupational Safety and Health Act of 1970 (29 U.S.C. § 651 *et seq.*, hereinafter OSHA).

This matter came before the Court on a hearing where respondents were to show cause why they should not be held in civil contempt. The respondents raised numerous grounds why the warrant should not be complied with. The matter has been briefed by both parties. Therefore, the Court will proceed to the merits.

90

■ The basic thrust of respondents' argument is that they are not "an employer" within the meaning of OSHA. They contend that they are a "political subdivision of a state" within the meaning of OSHA. The argument follows that since they are not employers within the meaning of OSHA, the Act does not apply to them and the Secretary has no authority to inspect their premises. The respondents ask this Court to declare that they are not employers within the meaning of OSHA. Under the applicable law, the Court cannot do so.

The law is clear that the jurisdictional decision of whether Sauget is a "political subdivision of the state" is a factual determination requiring agency expertise. This jurisdictional decision requires reference to OSHA's statutory and regulatory scheme. The proper procedure to challenge jurisdiction is through the agency's procedures. Judicial review is provided solely through 29 U.S.C. § 660.

This Court finds that the jurisdictional issue is not properly before it and that it must first be raised and exhausted through administrative procedures. *See generally, Marshall v. Northwest Orient Airlines,* 574 F.2d 119 (2d Cir. 1978); *Matter of Restland Memorial Park,* 540 F.2d 626 (3d Cir. 1976).

The respondents raise several other grounds as defenses to this civil contempt citation:

1. The warrant was invalid because the Magistrate lacked power to issue it.

2. The warrant was invalid because it was obtained at an *ex parte* hearing and failed to properly notify respondents.

3. The warrant was invalid because the application to the Magistrate failed to cite specific standards and regulations that respondents were violating.

■ According to Seventh Circuit law, these issues are properly before the Court (*see, Weyerhaeuser Company v. Ray Marshall, Secretary of Labor,* 592 F.2d 373 (7th Cir. 1979). Therefore, the Court will deal with them *seriatim.*

■ 1. The Magistrate clearly has authority to issue a warrant pursuant to 28 U.S.C. § 636 and OSHA. *See, Marshall v. Chromalloy American Corporation,* 433 F.Supp. 310 (E.D.Wis.1977); *In The Matter of Establishment Inspection of Gilbert and Bennett Manufacturing Company,* Civil No. 77–856 (N.D.Ill.1977). (These two cases were consolidated and affirmed on appeal, 589 F.2d 1335 (7th Cir. 1979).

■ 2. This Court agrees with the long line of cases holding that an application for a search warrant under OSHA must, by nature, be *ex parte,* and, therefore, there is no invalidity because of the *ex parte* application proceeding. It is implicit in any administrative search that an *ex parte* application will be made and this Court sees no problem with this often used procedure. *See,* 29 U.S.C. § 657 (which calls for entry "without delay"); *In The Matter of Establishment Inspection of Gilbert and Bennett Manufacturing Company,* 589 F.2d 1335 (7th Cir. 1979); *Casteel v. Marshall,* 588 F.2d 1182 (7th Cir. 1978).

■ 3. This Court has reviewed the application for the search warrant and the attached affidavit and finds that the Magistrate had sufficient specific information to establish probable cause to issue the warrant, and, further, that the warrant was properly issued. The application complied strictly with OSHA and the specific violations were adequately spelled out. Therefore, this contention is also without merit.

■ In summary, the Court finds that the jurisdiction issue has not properly been administratively exhausted, and, therefore, is not before this Court. Respondents have established no reason why they should not be held in civil contempt of this Court. Therefore, the respondents are adjudged in civil contempt of this Court. In order to purge the contempt, the respondents are ordered to allow the petitioner to enter the premises described as SAUGET INDUSTRIAL RESEARCH AND WASTE TREATMENT ASSOCIATION, Mobil Avenue, Sauget, Illinois, at reasonable times during ordinary business hours, and to in-

spect in a reasonable manner and to a reasonable extent, including collections of samples, if necessary, according to the Magistrate's warrant.