**In the Matter of Establishment Inspection of PFISTER & VOGEL TANNING CO., a division of Beatrice Foods Co.**

**Civ. A. No. 80–C–94.**

United States District Court,
E. D. Wisconsin.

June 4, 1980.

Melvin K. Washington, Asst. U. S. Atty., Milwaukee, Wis., for petitioner.

David J. Cannon, Milwaukee, Wis., C. F. Gangemi, Jr., Chicago, Ill., for respondent.

## DECISION

TERENCE T. EVANS, District Judge.

This matter is before the court on Pfister & Vogel Tanning Co.'s motion to quash an administrative inspection warrant issued by United States Magistrate Aaron E. Goodstein on January 21, 1980.

The warrant was issued at the request of the National Institute for Occupational Safety and Health of the United States Department of Health, Education and Welfare (NIOSH). The warrant, purportedly, was in furtherance of a NIOSH study into the health effects of occupational exposure in the leather tanning and finishing industry.

NIOSH applied for the warrant in question after several unsuccessful attempts at obtaining Pfister & Vogel's voluntary consent to a walk-thru inspection. After being presented with the warrant on January 21, 1980, Pfister & Vogel officials allowed the NIOSH Inspectors to enter and inspect "under protest".

The purpose of the January 21 inspection was to determine the suitability of including Pfister & Vogel in a subsequent in-

depth NIOSH study. The in-depth investigation would last some five business days and would involve extensive testing of the work areas and thorough review of company records. Whether or not Pfister & Vogel is chosen for the in-depth portion of the NIOSH study depends on the results of the January 21 inspection. The inspection results will be applied to a number of factors, including: age of the plant, size and composition of the work force, quality of record-keeping systems, and levels of exposure to various chemical substances. Pfister & Vogel wants to avoid any further NIOSH studies of their plant.

The motion to quash is the equivalent of a motion to suppress. Before proceeding to the merits and determining if suppression should be ordered, the court will consider the procedural challenges raised by the government.

The court rejects the contention that this matter is either moot or premature. It is not moot simply because the search has already occurred. Assuming illegality, a Fourth Amendment injury remains even if NIOSH should decide not to proceed with a subsequent in-depth inspection. *Weyerhauser Company v. Marshall*, 592 F.2d 373, 376 (7 Cir. 1979).

The action also is not premature. Pfister & Vogel seeks to suppress information obtained in the January 21st inspection and prohibit its use in making a determination if an in-depth inspection is warranted. There would be no intervening judicial proceeding before issuance of a warrant for the in-depth study. In order to obtain suppression of evidence by a court, Pfister & Vogel would have to refuse entry and risk contempt of court for not complying with a validly issued search warrant. Pfister & Vogel should not have to play out this scenario in order to have its day in court. See, *Blocksom and Company v. Marshall*, 582 F.2d 1122, 1124 (7 Cir. 1978). If the movant is correct, suppression now would effectively foreclose an in-depth study later on, since the evidence obtained in the January 21 search could not be considered by NIOSH for that purpose.

In *Weyerhauser v. Marshall, supra,* OSHA presented the company with a warrant and, as here, entry and inspection of the plant was permitted "under protest." The company was cited for various violations of the Occupation Safety & Health Act. Before the administrative hearings on the citations, Weyerhauser brought a motion to suppress the evidence obtained at the inspection. The district court suppressed the evidence and OSHA appealed, claiming that the motion was premature. The Seventh Circuit rejected that argument, and found an exception to the exhaustion of remedies requirement when challenging the validity of such a warrant. The court elected not to force Weyerhauser to exhaust available remedies in light of the "desirability" of permitting the district court to review the Magistrate's probable cause determinations. *Weyerhauser, supra,* at 376–7.

This matter is appropriately before the court at this stage, especially in light of the fact that both sides have chosen to brief the merits of the motion in addition to arguing the mootness and prematurity issues. To dismiss now, only to have the same issues raised in a contempt proceeding would require unnecessary duplication of effort. The court chooses to consider the merits in the interests of sound and efficient judicial administration.

Pfister & Vogel challenges the warrant on two grounds:

(1) that there was no probable cause shown for its issuance, and

(2) that the description on the face of the warrant was so overly broad as to render it invalid.

Since February of 1979, Pfister & Vogel has been on notice as to the nature of the NIOSH study and as to the possibility that its facilities might be inspected. In late 1979, efforts were made, to no avail, to arrange a site visit with Pfister & Vogel's consent. After these efforts failed, NIOSH applied, *ex parte*, for the warrant in question and appeared at the plant without prior notice. The court is satisfied that by so

proceeding NIOSH has acted in compliance with its own regulations and with the governing statutes. See, 42 C.F.R. 85a4(a) and (b); *Marshall v. W & W Steel Company*, 604 F.2d 1322, 1325–6 (10 Cir. 1979).

In an administrative search, as in a search conducted by any law enforcement agency, reasonableness is the ultimate standard. *Camara v. Municipal Court*, 387 U.S. 523, 539, 87 S.Ct. 1727, 1736, 18 L.Ed.2d 930 (1967).

Probable cause to justify issuance of an administrative warrant can be based either on specific evidence of an existing violation or on a showing that:

". . . Reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment]." *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 320, 98 S.Ct. 1816, 1824, 56 L.Ed.2d 305 (1978); *Weyerhauser v. Marshall, supra*, at 376.

The warrant should show that a specific business was chosen for the search on the basis of "a general administrative plan for the enforcement of the Act derived from neutral sources . . ." *Marshall v. Barlow's, supra*, 436 U.S. at 321, 98 S.Ct. at 1825; *Weyerhauser, supra*, at 378.

The Magistrate must determine that (1) there is a reasonable legislative or administrative inspection program, and (2) the desired inspection fits within that program. *In the Matter of Establishment Inspection of Northwest Airlines, Inc.*, 587 F.2d 12, 13–14 (7 Cir. 1978).

A "boilerplate" affidavit which contains only conclusory allegations, such as that the inspection is reasonable and is authorized by law, renders the Magistrate a mere "rubber stamp" and is clearly insufficient. See, *Weyerhauser, supra*, at 378; *Northwest Airlines, Inc., supra*.

As stated in the search warrant application, and on the face of the warrant itself, the inspection in this case was sought as part of a NIOSH investigation under 29 U.S.C. 669(a) "to evaluate the health effects of occupational exposures in the leather tanning and finishing industry . . ."

The application and affidavit of Frank Stern, NIOSH epidemiologist, is not the "boilerplate" type application leading to a Magistrate's "rubber stamp", so strongly condemned in the *Weyerhauser* and *Northwest Airlines* decisions.

In *Marshall v. Chromalloy American Corp.*, 589 F.2d 1335 (7 Cir. 1979), the affidavit in support of the warrant stated that the inspection was part of a "National-Local plan designed to achieve significant reduction in the high incidence of occupational injuries and illnesses found in the metal-working and foundry industry". In upholding the warrant under the *Barlow's* test, the court rejected a contention that the agency supply such detailed information as to convert "a simple warrant request into a full-blown hearing." 589 F.2d at 1342. Such a requirement would result in an "unwarranted consumption of enforcement energies which would exceed manageable proportions." *Id.* The court found the warrant to be (1) "plainly supported by probable cause in the *Camara/Barlow's* sense" and (2) not issued based on "unbridled discretion of a field agent." 589 F.2d at 1343.

The application in this case more than adequately complies with the *Camara/Barlow's* tests. The affidavit of Frank Stern sets forth the necessary "neutral criteria" used by NIOSH in selecting Pfister & Vogel for inspection. There is mention of the increased incidence of certain types of cancer in the leather industry and the lack of available research as to the chemical agents responsible for that cancer. As stated in the affidavit, this is an investigation into latent health effects on workers in leather tanning and finishing, an area of the leather industry NIOSH deems important and of interest because of the "formation of carcinogenic nitrosamines (recently identified in several tanneries) and chromates and dyes."

Pfister & Vogel challenges the reference to nitrosamines, contending that none are produced in their tanning process. They support their contention with the results of

a recent OSHA inspection which showed only trace amounts of nitrosamines on the premises. The OSHA study lasted a period of several months and included the taking of several hundred air samples. The company asserts that NIOSH should be required to rely on those results and should be restrained from engaging in duplicitous research activities at the plant.

The warrant should also be quashed, Pfister & Vogel contends, because the OSHA study was not made known to the Magistrate at the time of application. It contends this misled the Magistrate because its production would have given him a basis for finding a lack of reasonableness in a NIOSH request to inspect the same premises. NIOSH claims that an independent test was necessary due to the inconclusive nature of the OSHA results, and due to the relatively unsophisticated equipment used in obtaining the OSHA results. NIOSH also disputes the contention that the Magistrate would have found a lack of reasonableness had the OSHA study been called to his attention.

■ This appears to be an obvious example of bureaucratic duplication of effort. There is no explanation as to why the two agencies could not have coordinated their efforts. Inefficiency, however, is not a proper basis for invalidating a warrant. In accordance with its statutory function, NIOSH should be permitted to seek out whatever might be responsible for health hazards in a workplace, the presence of carcinogenic nitrosamines being one proper subject of inquiry. NIOSH is not bound by the results of the OSHA study.

■ Of greater concern is the failure to call the OSHA study to the attention of Magistrate Goodstein when the warrant was secured. As issuing officer, he should have been informed of the OSHA efforts, so he could evaluate them as he deemed appropriate. That Magistrate Goodstein would have denied the request for a warrant had the OSHA study been produced, however, is pure speculation. The over-all scope of the inspection request appears to be reasonable, despite the overlap with the OSHA study.

Although the overlap should offend the taxpayers, it falls short of offending the constitution.

■ Pfister & Vogel also challenges the NIOSH criteria for selection; specifically, that the age and size of the factory are important considerations in deciding whether to conduct an inspection. First of all, the court believes that these considerations are more appropriately left to the expertise of the agency. In any event, it appears to be a reasonable conclusion that the most fruitful research would be conducted at a plant with a long history, extensive employee records, and a large pool of present and past employees as the control group for the study.

■ Finally, Pfister & Vogel contends that the scope of the warrant is overly broad. The warrant provides for the inspection of:

". . . All conditions, structures, machines, apparatus, devices, equipment, materials, and records (including the company's personnel and medical records, as authorized by 42 C.F.R. Sec. 85a.3) in the workplace and bearing on whether Pfister & Vogel Tanning Co. should be included in the in-depth portion of the NIOSH study concerning the health effects of occupational exposures in the leather tanning and finishing industry."

The warrant is indeed broad. However:

". . . In this situation the scope of [the] warrant must be as broad as the subject matter regulated by the statute and restricted only by the limitations imposed by Congress and the reasonableness requirement of the Fourth Amendment . . . The warrant here satisfies these limitations." *Marshall v. Chromalloy, supra,* at 343.

The scope of the warrant in *Chromalloy* is virtually identical to that now before the court. Because the exact location and nature of the conditions to be investigated cannot be known before entering the establishment, ". . . a narrow, restricted warrant would severely defeat the purposes of the Act." *Id.*

As part of its overbreadth challenge, Pfister & Vogel contends that the requested inspection of medical and personnel records is impermissible. From the face of the warrant, it is clear that these records did not have to be produced in personally identifiable form. More importantly, NIOSH was not interested in the contents of the records, but only in the fact of their existence, in the type of records kept, and in Pfister & Vogel's method of recordkeeping in general. Also, access to the personnel and medical records poses no perceivable threat to confidential business and trade secret information.

Therefore, the Magistrate properly concluded that there is a reasonable legislative or administrative program, and that the January 21, 1980 inspection at Pfister & Vogel fit within that program. The motion to quash is denied.

IT IS ORDERED that the motion of Pfister & Vogel to quash, in the nature of a motion to suppress evidence obtained in the January 21, 1980 NIOSH inspection, is denied and the action dismissed.