In the Matter of Establishment Inspection of PETERSON BUILDERS, INC., a Corporation.

No. 81–C–1269.

United States District Court, E. D. Wisconsin.

Oct. 27, 1981.

**643**

Kluwin, Dunphy, Hankin & McNulty by Thomas R. Schrimpf & Truman Q. McNulty, Milwaukee, Wis., Schrobell & Cisney, Woodruff, Wis., for plaintiff.

Melvin Lieshefski, OSHA-Appleton Office, Appleton, Wis., Christopher D. Wolfe, U. S. Dept. of Labor, Chicago, Ill., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Peterson Builders, Inc., a shipbuilding company, moves to quash a warrant for inspection issued by a United States magistrate. Peterson contends that the warrant obtained was invalid because only the warrant itself was served on Peterson, not any of the supporting documents or the application for the warrant. The motion to quash will be denied.

The material facts surrounding this action are not disputed. On September 15, 1981, a compliance officer for the Occupational Safety and Health Administration appeared before the magistrate to present an application for an inspection warrant for Peterson. The application stated that Peterson had been selected for an inspection as part of a regular administrative plan of inspection, pursuant to OSHA Instruction CPL 2.25A. A copy of CPL 2.25A was attached to the application. *See* government's brief, filed October 7, 1981, App. A.

The plan established in CPL 2.25A ranks various industries for inspection based on the injury rates and lost workdays in those industries. According to the statistics, shipbuilding is quite hazardous and thus gets a high priority for OSHA inspections. Under the plan, the particular company to be in-

spected is selected at random from a list of establishments in a given industry. Based on the application, the magistrate issued a warrant for the inspection of Peterson. *See* government's brief, App. B.

The compliance officer who obtained the warrant and another compliance officer went to Peterson to serve the warrant and complete the inspection. Peterson personnel reviewed the warrant and presented the compliance officers with a "notice of protest." Government's brief, App. D. They also requested that the inspection be postponed because of the unavailability of the appropriate Peterson officials. The OSHA inspectors agreed. One other extension was subsequently agreed to by OSHA, and the inspection was delayed until September 28, 1981, so that Peterson could obtain legal advice. *See* government's brief, App. F. Peterson then brought this action. Oral arguments were presented to this court at a hearing held on September 25, 1981, and a briefing schedule was established on Peterson's motion to quash the warrant.

■ Simply stated, Peterson contends that the warrant is invalid because the warrant itself does not delineate the reasons for its issuance, but instead is simply "boilerplate" that paraphrases the statutory language of the Occupational Safety and Health Act, 29 U.S.C. § 657(a). Peterson accurately states that it is entitled to be free of unreasonable administrative inspections. *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978); *Weyerhauser v. Marshall*, 592 F.2d 373 (7th Cir. 1979). *Barlow's* also established a warrant requirement to assure that a neutral authority would consider the reasonableness of the search in question, thereby curtailing the unbridled discretion of the administrative officials. *Id.*, at 323, 98 S.Ct. at 1825.

■ I find no merit in the position advanced by Peterson, however. In the case at bar, the magistrate was presented with an application that detailed the reasons for an inspection of Peterson. Underlying the application was the OSHA program which provides neutral criteria for the

selection of inspection sites. An inspection under this program was specifically upheld in *Chicago Aluminum Casting Co. v. Donovan*, 81–C–3232 (N.D.Ill., filed September 22, 1981).

The specific issue advanced by Peterson was also raised in *Chicago Aluminum.* There the court stated:

"We know of no authority which supports plaintiff's position and we are aware of no practice or procedure which would sustain or give credence to it. The application for a search warrant in any proceeding of which we are aware is presented in the first instance to the judicial officer in question, here [the] Magistrate.... The judicial officer reviews the application and if he or she is of the opinion that it shows probable cause for the issuance of the warrant, the warrant is issued. That is the holder of the warrant's authority to enter the premises in question. The terms of the warrant must be scrupulously followed. A return of the warrant must be made. But the respondent to the warrant, the owner, occupier or possessor of the *locus in quo* is not entitled under either the Fourth or the Fifth Amendment or the common law to a copy of the application." *Id.*, slip op. at 9.

I find this analysis persuasive. The OSHA officers complied with the legal rules established in this area and obtained the warrant in question. Peterson argues that it is entitled to copies of the materials underlying the warrant so that it can determine for itself whether the warrant complies with the fourth amendment. This in essence means that Peterson wishes to substitute its judgment for that of the magistrate and determine for itself if an inspection is proper. This is not review by a neutral authority and has no merit.

Peterson is not without remedies if after the inspection occurs the warrant is shown to be invalid. As stated in Peterson's notice of protest:

"However, since the warrant is facially in the proper form, the company believes it could be cited for contempt of court if it declined to allow the inspection to begin as stated in the warrant. The company, therefore, will allow the inspection *UNDER PROTEST.* By so doing, we do not waive our right to challenge the validity of the inspection or the authorization for its conduct and specifically preserve the right to do so should any OSHA enforcement proceeding be commenced against this company based on this inspection or should there be any other reason to litigate this matter." Government's brief, App. D.

Among other cases, Peterson cites *Matter of Pfister & Vogel Tanning Co.*, 493 F.Supp. 351, 354 (E.D.Wis.1980), to support its position. The issue Peterson raises here was not before the court in *Pfister & Vogel*; rather the issue was whether the application for a warrant was sufficient to justify its issuance.

Several other issues are raised by the parties in the course of discussing the motion to quash. It is somewhat difficult to determine which ones are actually before the court as a result of the motion, so in the interest of judicial economy I will address them now.

■ Peterson first argues that under *Weyerhauser, supra,* and *Marshall v. Chromalloy American Corp.*, 589 F.2d 1335 (7th Cir. 1979), OSHA must rely only on the warrant itself and not the underlying papers, for the purpose of this motion. This argument misreads those decisions. In *Weyerhauser*, the court of appeals for this circuit held that the warrant in issue failed because the papers submitted to the magistrate were nothing but boilerplate that did not describe the employee complaint that prompted the application. *Id.*, at 378. Similarly, in *Chromalloy*, the court of appeals in evaluating the validity of a warrant refused to consider supporting materials that had not been submitted to the magistrate. *Id.*, at 1342 n. 7. That is not the case here. The only materials considered to assess the validity of the warrant at bar are those that were actually submitted to the magistrate.

In *Barlow's, supra,* the Supreme Court held that a warrant could be issued on the basis of an administrative plan containing specific neutral criteria. CPL 2.25A is such a plan. The inspection of Peterson is part of an industry-wide program; Peterson was selected at random, as provided by the program. In *Chicago Aluminum, supra,* it was held that a warrant based on the CPL 2.25A program is valid, and the court stated:

"The inspection is part of an industry-wide investigation. Plaintiff was selected at random from a list of members of the industry. OSHA's entire interest is not in those who maintain plants which are highly hazardous. Information can be gained and utilized from plants with a low hazard rating. OSHA's mission is one of education as well as regulation. Inspection of plants in a given industry on a random basis pursuant to an administrative plan containing specific neutral criteria as that presented here, comports with the Fourth Amendment." *Chicago Aluminum, supra,* slip op. at 13.

■ I also reject any suggestion that the warrant at bar is overly broad. This warrant is virtually identical to the one considered in *Chromalloy, supra.* The court of appeals found the broad language justified by the nature of the investigation.

"The purpose of the inspection was to determine whether Chromalloy is in compliance with health and safety regulations issued by OSHA. Because the exact location of violations cannot be known prior to entering the establishment, a narrow, restricted warrant would severely defeat the purposes of the Act.... In this situation the scope of an OSHA inspection warrant must be as broad as the subject matter regulated by the statute and restricted only by the limitations imposed by Congress and the reasonableness requirement of the Fourth Amendment. The warrant here satisfies these limitations.

"Because the instant warrant apprised Chromalloy of the inspection's scope, admittedly broad because no meaningful limitations on scope could be devised, the warrant was proper. To decide otherwise would render meaningless the Supreme Court pronouncement in *Barlow's* that the Secretary's 'entitlement to inspect will not depend on his demonstrating probable cause to believe that conditions in violation of OSHA exist on the premises,' 436 U.S. at 320 [98 S.Ct. at 1824], ... and would defeat the federal interest in providing workers with safe working places." *Chromalloy, supra,* at 1343–44 (other citations omitted).

Peterson also complains that an OSHA inspection will interfere with certain ship projects underway at its facilities under contract with the United States Navy and will possibly violate certain Navy security regulations in force because of those contracts. The compliance officer who obtained the warrant avers that the Navy regulations will not impair the inspection and that OSHA will cooperate with the Navy restrictions. *See* government's brief, App. C. Thus if Navy security is an issue here at all, it would seem premature to purport to resolve it upon this motion to quash.

In summary, I find (1) that serving the warrant without the underlying papers is an acceptable procedure, (2) that the application for this warrant was sufficient to justify its issuance, and (3) that the warrant is not impermissibly broad. Accordingly, Peterson's motion to quash the warrant will be denied.

Therefore, IT IS ORDERED that the motion of Peterson Builders to quash the warrant issued on September 15, 1981, be and hereby is denied.

IT IS ALSO ORDERED that this action be and hereby is dismissed.