**CHICAGO ZOOLOGICAL SOCIETY, a corporation, Plaintiff,**

**v.**

**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor; Thorne G. Auchter, Assistant Secretary of Labor; Occupational Safety and Health Administration of the United States Department of Labor, its Compliance Safety and Health Officer James S. Kontos, its Area Director William E. Funcheon, Jr.; and the Occupational Safety and Health Review Commission, Defendants.**

No. 79 C 4770.

United States District Court, N.D. Illinois, E.D.

Feb. 28, 1983.

Anne B. Shindell, Krukowski & Associates, Milwaukee, Wis., Frederick J. Fassnacht, Hendricks & Associates, Ltd., Oak Brook, Ill., for plaintiff.

Dan K. Webb, U.S. Atty., T. Timothy Ryan, Jr., Sol. of Labor, U.S. Dept. of Labor, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FLAUM, District Judge:

This matter comes before the court on cross motions for summary judgment. For the reasons set forth below, the motion of defendants Raymond J. Donovan, Secretary of Labor; Thorne G. Auchter, Assistant Secretary of Labor; the Occupational Safety and Health Administration ("OSHA"); James S. Kontos; and William E. Funcheon, (collectively, "defendants") is granted on plaintiff's second and third causes of action. In addition, the motion for partial summary judgment filed by defendant Occupational Safety and Health Review Commission ("Commission") is granted and plaintiff's first, fourth, fifth and sixth causes of action are dismissed.

The allegations of the complaint are detailed in the court's memorandum opinion, dated March 3, 1981, denying defendants' motion to dismiss. Briefly summarized, they are as follows: Plaintiff owns and manages a zoological park known as Brookfield Zoo (the "Zoo"). On March 30, 1979, plaintiff denied admission to the Zoo to James S. Kontos ("Kontos"), a compliance safety and health officer of OSHA, because Kontos did not have a warrant to conduct a safety and health investigation. After Kontos filed an application for an inspection warrant, a United States magistrate issued an ex parte warrant. When Kontos provided the warrant on April 12, 1979, plaintiff objected to the warrant, and Kontos proceeded with the inspection under plaintiff's protest. The inspection resulted in citations and a notification of penalty issued by OSHA, and on May 24, 1979, the Department of Labor filed a complaint with the Commission, asking for an order affirming the citations and notification of penalty. Plaintiff answered the complaint and is contesting the citations and notification of penalty before the Commission. In addition, plaintiff filed a complaint for declarative and injunctive relief with this court, asking the court to declare, *inter alia,* that the ex parte warrant for inspection is defective because: (1) plaintiff is not an employer subject to the Occupational Health and Safety Act (the "Act") and OSHA thus lacks jurisdiction over plaintiff (first cause of action); (2) OSHA does not have the power to obtain ex parte warrants (second cause of action); (3) the warrant was issued without probable cause (third cause of action); (4) both the warrant application and the warrant are overly broad (third cause of action). Plaintiff also asked the court to declare that the inspection was not conducted properly (fourth cause of action), that the citations issued by OSHA lacked particularity (fifth cause of action), and that the OSHA standards are illegal (sixth cause of action).

Defendants moved to dismiss plaintiff's action on the grounds that plaintiff had not exhausted its administrative remedies. In their memorandum in support of their motion to dismiss, defendants stated, without explanation, that plaintiff's claim that OSHA lacked jurisdiction must first be argued before an administrative law judge. Defendants went on to urge the court not to follow the Seventh Circuit's decision in *Weyerhaeuser Co. v. Marshall,* 592 F.2d 373 (7th Cir.1979), which held that exhaustion of administrative remedies is not required when the validity of an administrative search warrant is attacked. This court refused to abandon *Weyerhaeuser* and denied the motion to dismiss.

Both plaintiff and defendants then filed motions for summary judgment, and the Commission filed a motion for partial summary judgment. Defendants have renewed their argument that plaintiff's claim that OSHA lacks jurisdiction is not properly before the court. Defendants distinguish *Weyerhaeuser* by pointing out that *Weyerhaeuser* dealt only with the issue of the validity of a warrant, not with whether the plaintiff fell within the definition of "employer" under the Act. Likewise, the Commission argues in its memorandum in support of its motion for partial summary judgment that plaintiff's first, fifth and sixth causes of action do not concern the validity of the search warrant obtained by OSHA and are not properly before the court. Plaintiff asserts that *Weyerhaeuser* cannot be so narrowly interpreted as to require exhaustion of administrative remedies on the jurisdiction issue.

■ After considering the new arguments put forth by defendants and the

Commission, the court agrees that *Weyerhaeuser* held only that exhaustion of administrative remedies is not required when a plaintiff challenges the validity of a search warrant. *Weyerhaeuser* did not address the situation presented by the present case, in which plaintiff alleges that it is not within the jurisdiction of OSHA, that the citations are not written with sufficient particularity, and that proper inspection procedures were not followed during the OSHA inspection. Since such allegations concern matters that are within the expertise of the Commission, *Weyerhaeuser* does not exempt plaintiff from the rule of exhaustion of administrative remedies. *Weyerhaeuser Co. v. Marshall,* 592 F.2d at 376. Furthermore, plaintiff's allegation that OSHA standards are illegal must first be heard by the Commission, because the Commission may decide that the plaintiff does not fall within the jurisdiction of OSHA, thereby mooting the question of OSHA standards and relieving the court of the need to decide it. *Id.* See also *W.E.B. DuBois Clubs of Amer. v. Clark,* 389 U.S. 309, 88 S.Ct. 450, 19 L.Ed.2d 546 (1967). Thus, plaintiff's first, fourth, fifth and sixth causes of action are dismissed for failure to exhaust administrative remedies.

■ As *Weyerhaeuser* established, however, allegations that a warrant is invalid do not require exhaustion of administrative remedies.[1] In this case, such allegations are made in plaintiff's second and third causes of action. Yet, if the Commission decides that the Zoo is not within the jurisdiction of the Act, any questions regarding the validity of the warrant would be moot. The undesirability of deciding a question that may later be mooted is great-

---

1. Several circuits have disagreed with the Seventh Circuit's holding in *Weyerhaeuser* and have decided that administrative remedies must be exhausted even when the validity of a search warrant is questioned. See *Baldwin Metals Co. v. Donovan,* 642 F.2d 768 (5th Cir.), cert. denied, 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *Babcock & Wilcox Co. v. Marshall,* 610 F.2d 1128 (3d Cir.1979). *See also In re Worksite Inspection of Quality Products,* 592 F.2d 611 (when challenges to an OSHA warrant can be adequately considered by the

Commission or by the court of appeals, the district court should refrain from deciding a motion to suppress evidence gathered during an OSHA inspection). The Seventh Circuit, however, reaffirmed *Weyerhaeuser* in *Federal Casting Div., Chromalloy Amer. Corp. v. Donovan,* 684 F.2d 504, 507–08 (1982). One district court outside the Seventh Circuit has adopted the *Weyerhaeuser* approach. See *Marshall v. Berwick Forge & Fabricating Co.,* 474 F.Supp. 104 (M.D.Pa.1979).

est, however, when the question concerns the legality or the constitutionality of a statute or administrative procedure. *See, e.g., W.E.B. DuBois Clubs of Amer. v. Clark,* 389 U.S. 309, 88 S.Ct. 450, 19 L.Ed.2d 546 (1967); *Blocksom & Co. v. Marshall,* 582 F.2d 1122 (7th Cir.1978). When the question involves the validity of a warrant in a particular instance, the problem of reaching an issue that may be mooted is overridden by considerations of sound judicial administration, which mandate district court review of magistrates' determinations. *See Weyerhaeuser Co. v. Marshall,* 592 F.2d at 377; *see also In re Sauget Industrial Research and Waste Assoc. v. Marshall,* 477 F.Supp. 88 (S.D.Ill.1979). Therefore, the court concludes that plaintiff's second and third causes of action are properly before it.

In its second cause of action, plaintiff contends that OSHA does not have the power to obtain ex parte warrants. Defendants move for summary judgment on this issue, arguing that ex parte warrants are not *per se* defective. Defendants also contend that the 1980 re-promulgation of an amendment to 29 C.F.R. § 1903.4, an amendment that specifically allows OSHA to obtain ex parte warrants of inspection, has rendered moot the question of the propriety of the ex parte warrant in this case. In response to these contentions, plaintiff submits that issues of fact make summary judgment inappropriate in this case. Specifically, plaintiff states that there is a dispute whether the director of the Zoo requested notification of and the opportunity to appear at a hearing regarding a warrant for inspection. Plaintiff further asserts that, at the time that defendants obtained the ex parte warrant to search the Zoo, the amendment allowing ex parte warrants was inoperable because it had been improperly promulgated. Plaintiff relies on *Donovan v. Huffhines Steel Co.,* 645 F.2d 288 (5th Cir.1981), *aff'g without opinion,* 488 F.Supp. 995 (N.D.Tex.1979), for the proposition that the amendment to 29 C.F.R. 1903.4 was not issued according to rule-making requirements and was therefore invalid.

The Court of Appeals for the Seventh Circuit has squarely rejected both of plaintiff's contentions. In *Rockford Drop Forge Co. v. Donovan,* 672 F.2d 626, 630 (7th Cir.1981), the court adopted the view that the 1978 amendment of § 1903.4 was exempt from rule-making procedures because it was merely an interpretation of the earlier version of § 1903.4. In addition, *Rockford Drop Forge Co.* established that an employer has no right to notice and an opportunity to appear at a hearing regarding an inspection warrant. Thus, the properly promulgated amendment to 29 C.F.R. § 1903.4 provided defendants in this case with authority to seek an ex parte warrant of inspection of the Zoo. Further, the unresolved issue of whether the Zoo director requested notification is not material to the issue of the propriety of the ex parte warrant and does not prohibit the granting of summary judgment in favor of defendants. *See* Fed.R.Civ.P. 56(c).

Plaintiff's third cause of action alleges that the warrant issued in this case is invalid because OSHA failed to demonstrate probable cause in its warrant application. Defendants move for summary judgment, pointing out that, when probable cause is based upon evidence of an existing violation, it is unnecessary to establish probable cause in the criminal sense. Defendants also assert that paragraph two of the warrant application clearly sets forth the basis of OSHA's authority to investigate accidents. Plaintiff responds that the application merely sets forth conclusory statements and that the mere occurrence of an accident or a fatality does not provide probable cause to believe that a violation exists. Plaintiff also argues that the application's boilerplate recital of OSHA's authority to conduct inspections does not identify adequately any legislative or administrative program that OSHA was following when it investigated the Zoo.

It is clear that the requirements of administrative probable cause are less stringent than the requirements of criminal probable cause. *See Marshall v. Barlow's Inc.,* 436 U.S. 307, 320, 98 S.Ct. 1816, 1824,

56 L.Ed.2d 305 (1978); *Camara v. Municipal Court,* 387 U.S. 523, 534–35, 87 S.Ct. 1727, 1733, 18 L.Ed.2d 930 (1967); *Weyerhaeuser Co. v. Marshall,* 592 F.2d 373, 377 (7th Cir. 1979). In addition, the Supreme Court has ruled that administrative probable cause can be demonstrated by one of two avenues: 1) if specific evidence of an existing violation is presented, or 2) if a showing is made that reasonable legislative or administrative standards for conducting an investigation are satisfied. *Marshall v. Barlow's Inc.,* 436 U.S. at 320–21, 98 S.Ct. at 1824.

The Seventh Circuit has discussed both methods of demonstrating administrative probable cause. In an opinion issued after the parties filed their motions in the present case, the Seventh Circuit addressed the "existing violation" route to probable cause and clearly held that "the occurrence of an accident, in and of itself, is not proof of an OSHA violation." *Donovan v. Federal Clearing Die Casting Co. ("Donovan"),* 655 F.2d 793, 797 (7th Cir.1981). In *Donovan,* OSHA relied solely on newspaper accounts of an accident and made no attempt to question the victim's family or physician about the accident and injury. The Seventh Circuit suggested that information gained from such conversations might present a magistrate with sufficient facts upon which to reach the conclusion that an OSHA violation exists. Absent such information, the court concluded, a warrant that merely describes the occurrence of an accident and concludes, in boilerplate language, that the accident indicates the existence of violations does not establish probable cause.

With respect to the second method of establishing administrative probable cause, the Seventh Circuit has delineated two requirements that must be met: 1) a reasonable legislative or administrative inspection program must exist and 2) the desired inspection must fit within the program. *In the Matter of Establishment Inspection of Northwest Airlines, Inc. ("Northwest Airlines"),* 587 F.2d 12, 14–15 (7th Cir.1978). The challenged warrant application in

*Northwest Airlines* contained a bare assertion that there was an "inspection and investigation program". OSHA's appellate court briefs, though, identified the program as the section 8(f)(1) program of inspecting pursuant to employee complaints. In holding that the warrant application did not demonstrate probable cause, the Seventh Circuit stated that "the identification of the program must take place in the warrant application itself in order to enable the magistrate to [determine whether a reasonable program exists] . . . ." 587 F.2d at 15.

Applying these standards, the court holds that the warrant application in the present case fails to satisfy the requirements of administrative probable cause under the "existing violation" route. The application asserts that a laborer employed by the Zoo was found in an unconscious state on the floor of a construction area and later died of internal injuries. The application then states that "the nature and extent of the employee's injuries and the conditions giving rise to the accident indicate the existence of dangerous conditions that may be in violation of the Act and/or the regulations issued pursuant thereto." Thus, this application, as that in *Donovan,* relies on a description of the scene of the accident to reach the conclusion that violations existed. Moreover, OSHA made no greater attempt in this case than it did in *Donovan* to question the victim's family or doctor in order to gain information about possible violations.

The "legislative or administrative standards" route to probable cause yields a different result. The warrant application in the present case indicates that "[t]he desired inspection is part of an accident investigation . . . as prescribed by Chapter IV, entitled Compliance Programming, of the [OSHA] Field Operations Manual." Since the application identifies the program that formed the basis of the investigation, the magistrate was able to determine that there is a reasonable administrative inspection program as required by *Northwest Airlines.*[2] In addition, the information con-

---

**2.** In *Marshall v. Pool Offshore Co.,* 467 F.Supp.

978 (W.D.La.1979), OSHA representatives had

tained in the warrant application regarding the death of a worker allowed the magistrate to fulfill the second element of the *Northwest Airlines* standard, that an inspection following a death fit within the accident program. Thus, probable cause is established under the "legislative or administrative standard" route and defendants are entitled to judgment on that issue.

In its third cause of action, plaintiff also alleges that the warrant application and the warrant are overly broad because Kontos applied for and received permission to inspect the Zoo's entire premises. Moving for summary judgment on this issue, defendants cite *In re Gilbert & Bennett Mfg. Co.,* 5 OSHC (BNA) 1375 (N.D.Ill.1977), *aff'd,* 589 F.2d 1335 (7th Cir.), *cert. denied,* 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113 (1979), for the proposition that a limitation on the scope of the warrant would only infringe on the right of workers to have as safe a workplace as possible. Plaintiff responds by asserting that an administrative search must be limited to areas intimately related to the alleged violation.

When probable cause justifying the issuance of an administrative search warrant is based upon an administrative plan, the warrant need not always limit the scope of the inspection. In *In re Establishment Inspection of Gilbert & Bennett Mfg. Co.,* 589 F.2d 1335, 1342 (7th Cir.), *cert. denied,* 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113 (1979), OSHA applied for an inspection warrant pursuant to its " 'National-Local plan' designed to reduce the 'high incidence' of occupational injuries in the 'foundry industry.' " The Seventh Circuit upheld a warrant authorizing a search of the entire workplace, stating that the exact locations of violations could not be known prior to entering the establishment and, thus, no meaningful limitations on the scope of the warrant could be devised. The court noted that a restrictive warrant under such circumstances would defeat the purposes of the Act.[3]

In this case, plaintiff suggests that if the deceased employee sustained his injuries as a result of a job-related accident,

---

obtained warrants to inspect offshore drilling rigs at which five employees had been killed during the course of their work. The affidavits filed by the OSHA compliance officer at the time of his warrant application failed to state evidence of an existing violation and failed to show that the inspection was required by a reasonable legislature or administrative standard. During a hearing to compel compliance with the warrants, the compliance officer referred to the requirement, set forth in the OSHA Operations Manual, that OSHA compliance officers must investigate and/or inspect whenever a death occurs. Relying upon this oral testimony, the court in *Pool Offshore* stated that the "legislative or administrative standard" route of demonstrating probable cause "might very well be fulfilled". The court then held that the magistrate's order directing that the warrants be executed was based upon probable cause. 467 F.Supp. at 981.

**3.** On the question of the proper scope of an administrative warrant where probable cause is established through an employee's complaint, the Seventh Circuit has not provided clear guidance. In *Burkart Randall Division of Textron, Inc. v. Marshall,* 625 F.2d 1313 (7th Cir. 1980) three separate views are presented on the proper scope. The Seventh Circuit has yet to resolve the conflict in *Burkart,* and other courts have reached varying results. *Compare Marshall v. North Amer. Car Co.,* 626 F.2d 320, 324

(3d Cir.1980) ("the scope of the inspection must bear an appropriate relationship to the violations alleged in the complaint"); *Donovan v. Burlington Northern, Inc.,* 521 F.Supp. 99, 102 (D.Mont.1981) (inspection warrant which exceeded the boundaries of alleged violations set forth in employee complaint was overbroad); *West Point-Pepperell, Inc. v. Marshall,* 496 F.Supp. 1178, 1186–87 (N.D.Ga.1980) (where employee complaints went only to respirator standards, inspection warrant authorizing dust concentration tests in areas of the mill where respirators were not worn was overbroad) *with Hern Iron Works, Inc. v. Donovan,* 670 F.2d 838, 841 (9th Cir.1982) (employee complaint regarding foundry area was adequate to support inspection of entire establishment); *In re Gilbert & Bennett Mfg. Co.,* 5 OSHC (BNA) 1375, 1375–76 (N.D.Ill.1977) (an inspection limited to the substance of an employee complaint would unreasonably restrict the goals outlined in the Act), *aff'd,* 589 F.2d 1335 (7th Cir.), *cert. denied,* 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113 (1979).

The controversy need not detain the court because in the present case probable cause justifying the issuance of the warrant is based upon an administrative standard set forth in the OSHA operations manual, not upon specific employee complaints.

then the accident occurred not far from where the employee was found and the investigation should have been limited to the area in which the employee was working. The court does not agree that warrants authorizing investigations in the aftermath of fatalities should be based upon such assumptions. Neither the court nor a magistrate has the expertise to determine the location of conditions that may cause a death in a workplace. In identifying the scope of an investigation regarding a worker's fatality, which is conducted pursuant to an accident investigation program, the signed application of an OSHA compliance officer will be given great weight. · *See generally In re Establishment Inspection of Gilbert & Bennett Mfg. Co.,* 589 F.2d at 1343 (when determining probable cause, magistrate could rely on the known expertise of the Department of Labor in forming opinion that statistics indicated a high incidence of injuries in the foundry industry). It would little further the protective purposes of the Act for the court to inhibit as thorough an investigation as the officer deems necessary. Thus, the court holds that the warrant application and the warrant are not overbroad, and the warrant issued in this case is valid.[4]

Accordingly, summary judgment is granted in defendants' favor on plaintiff's second and third causes of action, and plaintiff's first, fourth, fifth and sixth causes of action are dismissed for failure to exhaust administrative remedies.

---

4. In view of this holding, the court need not consider defendants' argument that the exclusionary rule is inapplicable to OSHA proceedings.