510 F.Supp. 314 (1980)
In the Matter of ESTABLISHMENT INSPECTION OF SEAWARD INTERNATIONAL, INC.
Ray MARSHALL, Secretary of Labor, Plaintiff,
v.
SEAWARD INTERNATIONAL, INC., Defendant.
Civ. A. No. 80-0098(H).
United States District Court, W. D. Virginia, Harrisonburg Division.
August 4, 1980.
*315 Marshall Harris, Regional Sol. Gen., Philadelphia, Pa., E. Montgomery Tucker, Asst. Atty. Gen., Roanoke, Va., for plaintiff.
Peter G. Kilgore, Kirlin, Campbell & Keating, Washington, D. C., Thomas J. Wilson, IV, Wilson & Wilson, Harrisonburg, Va., for defendant.

MEMORANDUM OPINION
TURK, Chief Judge.
The controversy in this matter revolves around the effect to be given to an administrative inspection warrant issued by a United States Magistrate in this district to the Occupational Safety and Health Administration (OSHA). The warrant provided for an inspection of the industrial premises of Seaward International, Inc. (Seaward) in Clearbrook, Virginia. Seaward has moved the court to quash the warrant while OSHA has petitioned for an adjudication of civil contempt.

HISTORY OF THE CASE
On or about May 22, 1979, OSHA received an informal complaint from an employee of Seaward, alleging that unsafe and unhealthy conditions existed at the Clearbrook facility. The OSHA Area Director eventually directed that an inspection of the plant be conducted. On or about May 25, 1979, an OSHA representative presented himself at the Clearbrook plant for the purpose of conducting the inspection. However, he was refused permission to inspect by Seaward officials. Apparently, a second requested inspection, based on a second employee complaint, was also refused several days later. On August 13, 1979, OSHA officials requested and received an inspection warrant from a United States Magistrate. The warrant was issued on an ex parte application and listed a return date of September 2, 1979. While objecting to the scope of the warrant, Seaward submitted to inspections on August 20, 21, and 22. OSHA now contends that the inspector was unable to complete his work because certain of the substances which were the subject of the investigation were not in use at the times of his visits[1] and because several chemicals needed for the testing procedures were not available.
On October 26, 1979, an OSHA official called the company and requested permission for further inspection. Seaward denied the request and submitted an objection to what were deemed to be harassment tactics. Thereafter, OSHA and Seaward filed papers with the magistrate regarding future ex parte warrant applications. On February 27, 1980, OSHA filed another ex parte inspection warrant application with the magistrate. The magistrate issued the warrant. On March 5, 1980, the OSHA inspector returned to conduct the investigation. There is some conflict at this point as to what representations were made by OSHA officials concerning the intended scope of investigation. In any case, Seaward denied entry. Seaward now contends that it denied the inspection until it could determine the status of its earlier request to participate in further warrant application proceedings.
On March 12, 1980, Seaward filed its motion to quash the second warrant. On July 13, 1980, the Secretary of Labor filed his petition for adjudication of Seaward's civil *316 contempt. The court received oral argument as to both applications on July 14, 1980.

SEAWARD'S MOTION TO QUASH
The court has concluded that the motion to quash must be denied. Seaward has identified eight grounds in support of its motion. The court will consider each of these in turn.

A
Seaward argues that the magistrate was without authority to issue the administrative inspection warrant. By virtue of 28 U.S.C. § 636(b)(3) and by virtue of Rules Governing Authority of United States Magistrates promulgated by this court on April 14, 1977, the magistrate had authority to consider and process the warrant application, as a duty not inconsistent with the Constitution and laws of the United States. See Matter of Establishment Inspection, Etc., 589 F.2d 1335, 1340-1341 (7th Cir., 1979) cert. den. 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113 (1979); In re Worksite Inspection of Quality Products, Inc., 592 F.2d 611, 613 (1st Cir., 1979).

B
Seaward also contends that this court was without subject matter jurisdiction to consider the inspection warrant application. The court is unaware of any authority for the proposition advanced by Seaward. Inasmuch as the Occupational Safety and Health Act evinces a regulation of commerce, subject matter jurisdiction is conferred by virtue of 28 U.S.C. § 1337. Subject matter jurisdiction of the District Court in such matters was clearly contemplated by the Supreme Court in Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978).

C
Perhaps the most viable of Seaward's arguments lies in its assertion that the ex parte warrant application proceeding was procedurally deficient under the due process clause. It is undisputed that the warrant in question was issued without prior notice to Seaward, despite the company's earlier request for permission to participate in the application proceeding. OSHA initiated the application proceeding pursuant to the authority of 29 C.F.R. § 1903.4. Prior to December 22, 1978, § 1903.4 empowered certain OSHA officials to seek compulsory process in specified situations. However, there was no specific indication as to whether such process could issue on the basis of ex parte applications. The Secretary now represents that the regulation was always interpreted so as to permit ex parte applications. Seaward contends that the old rule did not permit ex parte proceedings.[2] In any case, 29 C.F.R. § 1903.4 was amended, effective December 22, 1978, so as to specifically include ex parte warrant applications within the meaning of compulsory process. The Secretary urges that the amendment constituted an "interpretative rule" which served merely to define pre-existing terminology. Seaward contends that amendment constituted a material alteration and that its promulgation was in violation of the rule-making process of the Administrative Procedure Act, 5 U.S.C. § 553.
As to the question presented, this court recognizes that a conflict exists between two of the Circuit Courts of Appeals. In Marshall v. W & W Steel Company, 604 F.2d 1322 (10th Cir., 1979), the Tenth Circuit concluded that the 1978 amendment to 29 C.F.R. § 1903.4 constituted an "interpretative rule" to which 5 U.S.C. § 553 does not apply. However, in Cerro Metal Products v. Marshall, et al., 620 F.2d 964 (3rd Cir., 1980), the Third Circuit held that the amendment constituted a material alteration and that the amendment was therefore invalid due to the Secretary's failure to conform to the rule-making procedures of 5 U.S.C. § 553.
The court finds it unnecessary to track all the nuances of the reasoning of the majority *317 opinion of the Cerro panel. The court deems it sufficient to note that while relevant and interesting, the substance of the arguments made by the Solicitor General to the Supreme Court in Marshall v. Barlow's, Inc., supra simply cannot be seen to be totally dispositive of the question at issue. Barlow's was decided in the context of Secretary's attempt to enforce a warrantless entry by means of a show cause order. As noted by the Supreme Court, this form of procedure had resulted in an adversary proceeding.[3] While the court went on to hold such warrantless entries to be unconstitutional, it observed that other forms of compulsory process might well be available under the Act, including ex parte search warrants. 436 U.S. at 320, 98 S.Ct. at 1824. Thus, regardless of the interpretations to be given to the oral arguments made before the court in Barlow's, it seems apparent that the court did not offer any direction as to whether the term "compulsory process" in 29 C.F.R. § 1903.4 could previously have been read to encompass ex parte warrants since this was not the "kind of process" under consideration by the court at that time.
While the Secretary prior to Barlow's had apparently chosen to bypass ex parte warrant procedure in favor of a more direct though unconstitutional process which sometimes led to adversary show cause hearings,[4] it seems that the Secretary had always maintained the unrelated proposition that compulsory process within the meaning of 29 C.F.R. § 1903.4 could be obtained ex parte. It is undisputed that even prior to December of 1978, OSHA's internal instructional materials and manuals provided that compulsory process should be sought without advance notice to the employer. Some variation in practice may or may not have occurred. After Barlow's, it appears to have been necessary and logical for the Secretary to interpret the meaning of "compulsory process" as used in his remaining enforcement mechanism, that of 29 C.F.R. § 1903.4. It is obvious that the term is sufficiently broad as to include ex parte application procedure. See dissent of Chief Judge Seitz in Cerro Metal Products v. Marshall, et al., supra. This court can only conclude, as did the Tenth Circuit, that the 1978 amendment to 29 C.F.R. § 1903.4 [codified as § 1903.4(d)] constituted an interpretative rule which was not subject to the rule-making procedures of 5 U.S.C. § 553.

D
Seaward urges that even if the application procedure is to be deemed to have been valid, the warrant is still deficient due to the absence of administrative probable cause. See, gen., Marshall v. Barlow's, Inc., supra at 320-321, 98 S.Ct. at 1824. Obviously, the employee complaints constituted evidence of violations. Moreover, based on information gathered during the execution of the first search warrant and based on information received directly from Seaward representatives, the OSHA officials were able to confirm the company's use of potentially dangerous substances. Obviously, there was sufficient probable cause to support the issuance of the second administrative search warrant.

E
Seaward contends that the warrant as issued authorizes an overly broad inspection. Both sides agree that the magistrate's warrant would permit OSHA to inspect all areas of the Seaward facility, not simply for toxic substance exposure levels but for any and all types of violations. The court recognizes that there is some division of authority as to the permissible scope of investigation in the circumstance where the inspection is initiated by an employee complaint. Some courts have held that the scope is properly limited to the subject matter of the complaint. See, e. g., Marshall v. North American Car Company, 476 F.Supp. *318 698 (M.D.Penn., 1979). The Seventh Circuit has held that general inspections are permissible regardless of whether the warrant is issued pursuant to an administrative plaw or pursuant to an employee complaint. Matter of Establishment Inspection, Etc., supra; Burkart Randall Division of Textron, Inc. v. Marshall, 625 F.2d 1313 (7th Cir., 1980).
The court must conclude that the general search authorized by the warrant is consistent with purpose of the underlying Act and not violative of the company's right to due process, given the circumstances of this case. The purpose of the Act is the promotion of the very cogent goal of improved safety conditions for workers. The primary object required by the Act in the instant case is the determination of the level of toxic exposure. It is only reasonable that the inspector be given access to all areas of the plant in order to determine the pervasiveness of any dangerous exposure levels. Moreover, it is only reasonable that the inspector not be required to close his eyes to other possible, unrelated violations that might exist.
Of course, it is not enough that a general inspection might prove convenient to OSHA personnel or even that such an inspection might reasonably promote the purposes of the Act. It is also necessary that a general inspection does not constitute an undue invasion of the privacy of the employer. In this case, OSHA has not attempted to enforce a warrantless entry demand. Instead, the agency made application for a warrant, listing the reason for the entry and the desired scope of inspection once the projected entry is made. The magistrate properly found probable cause for the entry. He issued a warrant which apprises the employer of the scope of the inspection, a scope which is not inconsistent with the general statutory and regulatory criteria. In such circumstances, the court must hold that the warrant is not unconstitutionally broad. Marshall v. Barlow's, Inc., supra 436 U.S. at 323, 98 S.Ct. at 1825. See also Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). Barlow's dealt with a search which was attempted pursuant to an administrative plan. However, the court is unable to conclude that the reason for the attempted entry should necessarily affect the scope of the entry as long as the constitutional safeguard of reasonable notice is otherwise maintained. As to the difference between administrative plan warrants and employee complaint warrants, the Seventh Circuit noted in Burkart Randall Division of Textron, Inc. v. Marshall, supra as follows:
It would be anomalous to permit general inspections in this context [of administrative plan inspections] and yet hold that only a limited inspection may be conducted where there is particularized probable cause to believe that violations will be found in the specific facility to be inspected. The fact that the specific nature of employee complaints will often make scope limitations possible, does not make them necessary or advisable.
at 1324.

F
Seaward contends that the second warrant was issued on the basis of outdated evidence. However, in his investigation pursuant to the first warrant, the OSHA inspector determined that the substances in question were used as part of Seaward's regular processes. Obviously, the magistrate had a reasonable basis upon which to conclude that the alleged violations were of a continuing nature.

G
Seaward argues that OSHA failed to adhere to the reasonable administrative standard required for such inspections by the Supreme Court in Barlow's, supra 436 U.S. at 320-321, 98 S.Ct. at 1824. In the alternative, Seaward urges that OSHA failed to act in a reasonable manner as required by § 8(a)(2) of the Act, 29 U.S.C. § 657(a)(2). The basis for both arguments is that OSHA refused to delay its attempt to execute the second warrant despite Seaward's request for a delay pending determination of the status of its petitions to the magistrate. The court has previously held that the warrant application procedure in this case was not defective. The rationale for an ex parte warrant, that of maintaining *319 an element of surprise, could scarcely be served if delays were allowed to prevail. OSHA's insistence was simply not unreasonable. In any case, Seaward actually obtained a delay through an alternate legal mechanism, that of a motion to quash. Given the unsettled state of the law in such matters, the court does not intend to penalize Seaward for taking advantage of the opportunity to obtain an adjudication of its legal position. The court does rule that OSHA's attempt to implement the warrant was not so unreasonable as to invalidate the warrant itself.

H
Seaward contends that OSHA obtained the second warrant in an attempt to harass the company, and that the warrant must therefore be deemed invalid. In essence, Seaward founds this assertion upon its belief that OSHA should have been able to complete its investigation pursuant to the first warrant. The court finds this argument to be without merit. Upon entry pursuant to the first warrant, the inspector found that he did not have the necessary testing materials to complete his work. Given the return date on the warrant and given some uncertainty as to the time when the testing materials would be available and as to when the suspect processes would be operational, OSHA decided to pursue a second warrant. This decision may or may not have been the best alternative. However, the decision was not overly unreasonable and certainly did not amount to harassment.

PETITION FOR ADJUDICATION OF CIVIL CONTEMPT
The court has determined that the proceedings leading to the issuance of the warrant were not so defective as to render the warrant invalid. This is not to say that Seaward's arguments for invalidation were frivolous or made for the sole purpose of delaying the entry. As suggested in this memorandum, much uncertainty still exists in this area of the law. The uncertainty was heightened in this case by the court's own magistrate. The court is of the opinion that the warrant was not rendered fatally defective simply because the magistrate failed to make a formal ruling on Seaward's petition to intervene in the warrant proceedings. However, much difficulty could have been averted had the magistrate informed Seaward, as a matter of courtesy, that its petition would not be considered. For these reasons, the court is not prepared to find Seaward in contempt for any of its actions taken prior to the date of this opinion.

SUMMARY
The court has found that Seaward's motion to quash the administrative inspection warrant of February 27, 1980 is without merit. The court has also concluded that the petition for adjudication of Seaward's civil contempt must be dismissed. An appropriate order will be entered this day.
NOTES
[1] The substances under investigation included MOCA, MDA, and TDI. These substances are either known or suspected human carcinogens. While Seaward officials allegedly confirmed the use of these substances, the exposure levels at the plant are still in issue.
[2] Seaward relies in part upon the language of Marshall v. Barlow's, Inc., supra at 320, n. 15, 98 S.Ct. at 1824, n. 15.
[3] The Supreme Court stated that "... the kind of process sought in this case and apparently anticipated by the regulation provides notice to the business operator." 436 U.S. at 318, 98 S.Ct. at 1823. (emphasis added).
[4] In Barlow's, the Secretary did not rely on 29 C.F.R. § 1903.4 but rather on a perceived potential for warrantless entries which purportedly arose from § 8(a) of the Act itself. See 436 U.S. at 325, n. 23, 98 S.Ct. 1827, n. 23.